Bill A. Shirron, Executive Director AR Teacher Retirement System 1400 West Third Street Little Rock, AR 72201
Dear Mr. Shirron:
You have requested an Attorney General opinion for the purpose of clarifying certain issues that were addressed in Attorney General Opinion No. 99-105. That opinion addressed the effects and impact of a certain provision of Act 773 of 1999. The provision in question states:
 The school district shall not make contributions to any tax qualified retirement plan on behalf of any employee participating in the deferred retirement option plan. However, this prohibition shall not be applicable to the extent necessary to comply with contractual obligations incurred by a school district prior to February 1, 1999.
Acts 1999, No. 773, § 1 (emphasis added).
Your questions concerning Attorney General Opinion No. 99-105 are the following:
 (1) Would your answer to Question No. 1 in Attorney General Opinion No. 99-105 be any different in light of the fact that school districts do not receive funds that are designated for the school district's contribution?
 (2) Does your answer to Question No. 2 in Attorney General Opinion No. 99-105 cover school employees who sign one-year contracts? Would there be any difference between non-certified and certified employees who sign one-year contracts?
RESPONSE
Question 1 — Would your answer to Question No. 1 in Attorney GeneralOpinion No. 99-105 be any different in light of the fact that schooldistricts do not receive funds that are designated for the schooldistrict's contribution?
As explained more fully below, my answer to Question 1 in Attorney General Opinion No. 99-105 would not be any different in light of the fact that school districts do not receive funds that are designated for the school district's contribution.
Question No. 1 in Attorney General Opinion No. 99-105 asked: "Under Act 773 of 1999, is it legal for a school district to establish a policy that states: `If a school employee opts to participate in the Teacher Deferred Retirement Option Plan (T-DROP), an amount equal to what would have been the District's required contribution to the Arkansas Teacher Retirement System on behalf of that employee, subject to the receipt of such funds by the local District, will be paid directly to that employee as a fringe benefit for longevity of service.'?" In response to that question, I opined that such a policy would be permissible.
You have observed that the phrase "subject to the receipt of such funds by the local District," as used in the above-quoted hypothetical policy, could be interpreted as a reference to the receipt of funds that have been designated for contributions. You have further pointed out that school districts do not receive designated funds.
These factors do not change my response to Question 1. Indeed, my response to Question 1 in Attorney General Opinion No. 99-105 was premised on an assumption that the referenced funds received by the school district were not designated for specific, limited purposes. As presented to me, Question 1 did not appear to indicate that the hypothetical policy presented therein was conditioned on the receipt by school districts of funds that are designated for contributions. Rather, the hypothetical policy set forth in Question 1 appeared to be conditioned merely on the school district's receipt of general funds sufficient to cover contributions.
Keep in mind that the subject of Question 1 was whether the school district has the authority to enact a policy such as the hypothetical one state in Question 1. As I pointed out in response to that question, Act 773 of 1999 specifically stated the legislature's intent to grant each school district the discretion to choose the manner in which to use funds that were formerly used in making contributions to tax qualified retirement plans. See Acts 1999, No. 773, § 1.
Question 2 — Does your answer to Question No. 2 in Attorney GeneralOpinion No. 99-105 cover school employees who sign one-year contracts?Would there be any difference between non-certified and certifiedemployees who sign one-year contracts?
Question No. 2 in Attorney General Opinion No. 99-105 asked: "May a school district that is currently making contributions to a tax qualified retirement plan on behalf of an employee who is participating in T-DROP continue to make those contributions if the district was making such contributions prior to February 1, 1999? I responded that "if the school district was making contributions to a tax qualified retirement plan prior to February 1, 1999, pursuant to a contractual obligation to do so,
the district may continue to make those contributions under the provisions of Act 773 of 1999." Op. Att'y Gen. No. 99-105 at 3 (emphasis added).
The answer to your question of whether the phrase "pursuant to a contractual obligation to do so" would apply to employees who signed one-year contracts will depend on whether the one-year contract was entered into prior to February 1, 1999 (and, of course, whether the contract included a provision under which the school district is obligated to make the contribution). If the contract was entered into before February 1, 1999, the school district may continue to make the contribution for the one-year duration of the contract. If the contract was not entered into before February 1, 1999, the school district may not continue to make the contribution.
I elaborated somewhat on this issue in Attorney General Opinion No.99-177, addressing specific hypothetical fact situations. I have attached a copy of that opinion for your review.
With regard to the issue of whether there would be any difference between certified and non-certified employees, it is my opinion that Act 773 provides no basis for treating the two types of employees differently from one another. Again, the pertinent provision of Act 773 states:
 The school district shall not make contributions to any tax qualified retirement plan on behalf of any employee participating in the deferred retirement option plan. However, this prohibition shall not be applicable to the extent necessary to comply with contractual obligations incurred by a school district prior to February 1, 1999.
Acts 1999, No. 773, § 1 (emphasis added).
The above-quoted provision clearly applies to all employees, regardless of their status or the nature of their positions.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh